JOSEPH M. MONTES, ESQ. (SBN 172389)
Email:  jmontes@bwslaw.com
CITY ATTORNEY, CITY OF ALHAMBRA; and
BURKE, WILLIAMS & SORENSEN, LLP
Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Carmen M. Aguado (SBN 291941)
E-mail:  caguado@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 S. Flower Street, Suite 2400
Los Angeles, California 90071
Phone:  213.236.0600
Fax:  213.236. 2700

Attorneys for Defendants
CITY OF ALHAMBRA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE A. GRINIE,<br><br>             Plaintiff,<br><br>v.<br><br>CITY OF ALHAMBRA; ALHAMBRA POLICE DEPARTMENT; COUNTY OF LOS ANGELES; DETECTIVE J. QUINONES (ID 196); T. SEKI (ID 220); DETECTIVE CASTILLO (ID 134); B. CHUNG (ID 281), R. RONGAVILLA (ID 128); DETECTIVE JESUS ROMERO (ID); Z. MCFARLAND (ID 282); CARDELLA (ID); JACKIE LACEY, DISTRICT ATTORNEY OF THE COUNTY OF LOS ANGELES; NORMA SERNA, DEPUTY DISTRICT ATTORNEY; E. TAMAYO (ID 225); SARGEANT S. CARR (ID 124); and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No.<br><br>**DECLARATION OF CARMEN M. AGUADO IN SUPPORT OF JOINT NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331 BY DEFENDANTS CITY OF ALHAMBRA AND COUNTY OF LOS ANGELES**<br><br>**[FEDERAL QUESTION]**<br><br>*[Notice and Declaration of Laura E. Inlow filed concurrently herewith]* |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-6476-2526 v1                          - 1 -                          AGUADO DECLARATION OF
                                                                ISO NOTICE OF REMOVAL

I, Carmen M. Aguado, declare as follows:

1.     I am admitted in this Court and the State of California. I am an associate at Burke, Williams & Sorenson, LLP, and I am counsel of record for Defendant City of Alhambra ("City") in this case.

2.     I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and would competently testify thereto if called and sworn as a witness.

3.     On July 16, 2019, an action was commenced entitled *Joe A. Grinie vs. City of Alhambra, et al.* in the Superior Court of the State of California, County of Los Angeles, under Case No. 19STCV22668 by the filing of a Complaint for Damages by counsel for Plaintiff Joe A. Grinie ("Plaintiff"). Attached hereto as Exhibit "A" is true and correct copy of Plaintiff's Complaint.

4.     On July 16, 2019, the City was served with a copy of the Summons and Complaint. Along with the Summons and Complaint, the City was served copies of the following: a Statement of Damages. Attached hereto as Exhibit "B" are true and correct copies of the aforementioned documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 15, 2019, at Los Angeles, California.


/s/ Carmen M. Aguado
CARMEN M. AGUADO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4834-6476-2526 v1                - 2 -                AGUADO DECLARATION OF
ISO NOTICE OF REMOVAL

# EXHIBIT A

1  KAYRETHA HALE WILLIS, ESQ. (SBN 134091)
   LAW OFFICE OF KAYRETHA HALE WILLIS
2  611 Wilshire Blvd., Suite 1215
   Los Angeles, CA  90017
3  Phone:      (213) 617-1035
   E-mail:  hale10@prodigy.net
4
5  Attorney for Plaintiff
   JOE A. GRINIE
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9          CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE
10

| | |
|---|---|
| 11 JOE A. GRINIE, | Case No. 19STCV22668 |
| 12       Plaintiff, | COMPLAINT FOR DAMAGES: |
| 13   vs. | 1.  FALSE IMPRISONMENT/ FALSE ARREST; |
| 14 CITY OF ALHAMBRA; ALHAMBRA POLICE | 2.  INTENTIONAL INFLICTION OF |
| 15 DEPARTMENT; COUNTY OF LOS ANGELES; DETECTIVE J. |     EMOTIONAL DISTRESS; |
| 16 QUINONES (ID 196); T. SEKI (ID 220); DETECTIVE CASTILLO (ID | 3.  NEGLIGENCE; 4.  NEGLIGENT INFLICTION |
| 17 134); B. CHUNG (ID 281); R. RONGAVILLA (ID 128); |     OF EMOTIONAL DISTRESS; |
| 18 DETECTIVE JESUS ROMERO (ID); Z. MCFARLAND (ID 282); | 5.  DEFAMATION; 6.  ABUSE OF PROCESS; |
| 19 CARDELLA (ID ); JACKIE LACEY, DISTRICT ATTORNEY OF THE | 7.  INTERFERENCE WITH RIGHTS SECURED BY THE |
| 20 COUNTY OF LOS ANGELES; NORMA SERNA, DEPUTY |     CONSTITUTION OR LAWS OF THE STATE OF |
| 21 DISTRICT ATTORNEY; E. TAMAYO (ID 225); SARGEANT S. |     CALIFORNIA; 8.  VIOLATION OF CIVIL |
| 22 CARR (ID 124);  and DOES 1 through 100, inclusive, |     RIGHTS PURSUANT TO 42 USC 1983; and, |
| 23 ⎯⎯⎯⎯⎯⎯⎯⎯⎯Defendants⎯⎯⎯⎯⎯⎯⎯ | 9.  RESPONDEAT SUPERIOR |

24
25       COMES NOW Plaintiff JOE GRINIE and for causes of action against
26  Defendants CITY OF ALHAMBRA, ALHAMBRA POLICE
27  DEPARTMENT; DOE POLICE OFFICER(S), and DOES 1 through 100, and
28  each of them, as follows:

1

2  **I.     GENERAL ALLEGATIONS**

3          1.      Plaintiff JOE GRINIE is an individual and is and was at all

4  times herein mentioned a resident of the City of Los Angeles, County of

5  Los Angeles, State of California.

6          2.      Defendant CITY OF ALHAMBRA ("CITY") is a municipal

7  government operating as an incorporated city within the County of Los

8  Angeles, State of California.

9          3.      Defendant ALHAMBRA POLICE DEPARTMENT ("POLICE

10  DEPT.") is now, and at all times herein mentioned was, a division of the

11  CITY providing law enforcement for the CITY, operating within the

12  County of Los Angeles, State of California.

13          4.      Defendant COUNTY OF LOS ANGELES ("COUNTY") is now,

14  and at all times herein mentioned was, a municipal government, operating

15  as a governing board for certain divisions within the County of Los

16  Angeles, including, but not limited to, the District Attorney's Office, within

17  the County of Los Angeles, State of California.

18          5.      Plaintiff is informed and believes and thereon alleges that

19  Defendant DETECTIVE J. QUINONES ("QUINONES") is now, and at all

20  times mentioned herein was, a Police Officer employed by Defendant

21  POLICE DEPT., more particularly identified by Badge ID 196.  Plaintiff is

22  informed and believes and thereon alleges that at all times mentioned

23  herein, QUINONES was acting within the course and scope of such

24  employment and under the color of such authority.

25          6.      Plaintiff is informed and believes and thereon alleges that

26  Defendant T. SEKI ("SEKI") is now, and at all times mentioned herein was,

27  a Police Officer employed by Defendant POLICE DEPT., more particularly

28  identified by Badge ID 220.  Plaintiff is informed and believes and thereon

1   alleges that at all times mentioned herein, SEKI was acting within the

2   course and scope of such employment and under the color of such

3   authority.

4        7.    Plaintiff is informed and believes and thereon alleges that

5   Defendant DETECTIVE CASTILLO ("CASTILLO") is now, and at all times

6   mentioned herein was, a Police Officer employed by Defendant POLICE

7   DEPT., more particularly identified by Badge ID 134.  Plaintiff is informed

8   and believes and thereon alleges that at all times mentioned herein,

9   CASTILLO was acting within the course and scope of such employment

10  and under the color of such authority.

11       8.    Plaintiff is informed and believes and thereon alleges that

12  Defendant B. CHUNG ("CHUNG") is now, and at all times mentioned

13  herein was, a Police Officer employed by Defendant POLICE DEPT., more

14  particularly identified by Badge ID 281.  Plaintiff is informed and believes

15  and thereon alleges that at all times mentioned herein, CHUNG was acting

16  within the course and scope of such employment and under the color of

17  such authority.

18       9.    Plaintiff is informed and believes and thereon alleges that

19  Defendant R. RONGAVILLA ("RONGAVILLA") is now, and at all times

20  mentioned herein was, a Police Officer employed by Defendant POLICE

21  DEPT., more particularly identified by Badge ID 128.  Plaintiff is informed

22  and believes and thereon alleges that at all times mentioned herein,

23  RONGAVILLA was acting within the course and scope of such

24  employment and under the color of such authority.

25       10.   Plaintiff is informed and believes and thereon alleges that

26  Defendant DETECTIVE JESUS ROMERO ("ROMERO") is now, and at all

27  times mentioned herein was, a Police Officer employed by Defendant

28  POLICE DEPT., more particularly identified by Badge ID 104.  Plaintiff is

3

1    informed and believes and thereon alleges that at all times mentioned
2    herein, ROMERO was acting within the course and scope of such
3    employment and under the color of such authority.

4         11.    Plaintiff is informed and believes and thereon alleges that
5    Defendant Z. MCFARLAND ("MCFARLAND") is now, and at all times
6    mentioned herein was, a Police Officer employed by Defendant POLICE
7    DEPT., more particularly identified by Badge ID 282.  Plaintiff is informed
8    and believes and thereon alleges that at all times mentioned herein,
9    MCFARLAND was acting within the course and scope of such
10   employment and under the color of such authority.

11        12.    Plaintiff is informed and believes and thereon alleges that
12   Defendant CARDELLA ("CARDELLA") is now, and at all times mentioned
13   herein was, a Police Officer employed by Defendant POLICE DEPT., whose
14   Badge ID is currently unknown.  Plaintiff is informed and believes and
15   thereon alleges that at all times mentioned herein, CARDELLA was acting
16   within the course and scope of such employment and under the color of
17   such authority.

18        13.    Plaintiff is informed and believes and thereon alleges that
19   Defendant E. TAMAYO ("TAMAYO") is now, and at all times mentioned
20   herein was, a Police Officer employed by Defendant POLICE DEPT., more
21   particularly identified by Badge ID 225.  Plaintiff is informed and believes
22   and thereon alleges that at all times mentioned herein, TAMAYO was
23   acting within the course and scope of such employment and under the
24   color of such authority.

25        14.    Plaintiff is informed and believes and thereon alleges that
26   Defendant SERGEANT S. CARR ("CARR") is now, and at all times
27   mentioned herein was, a Police Officer employed by Defendant POLICE
28   DEPT., more particularly identified by Badge ID 124.  Plaintiff is informed

4

1   and believes and thereon alleges that at all times mentioned herein, CARR

2   was acting within the course and scope of such employment and under the

3   color of such authority.[1]

4       15.    Plaintiff is informed and believes and thereon alleges that

5   Defendant JACKIE LACEY ("LACEY") is now, and at all times mentioned

6   herein was, the duly elected District Attorney for the County of Los

7   Angeles, State of California.  Plaintiff is informed and believes and thereon

8   alleges that at all times mentioned herein, LACEY was acting within the

9   course and scope of such employment and under the color of such

10   authority.

11       16.    Plaintiff is informed and believes and thereon alleges that

12   Defendant NORMA SERNA ("SERNA") is now, and at all times mentioned

13   herein was, the a Deputy District Attorney employed by the County of Los

14   Angeles, State of California, under the direct supervision of LACEY.

15   Plaintiff is informed and believes and thereon alleges that at all times

16   mentioned herein, SERNA was acting within the course and scope of such

17   employment and under the color of such authority.

18       17.    Plaintiff is ignorant of the true names and capacities, whether

19   individual, corporate or otherwise, of defendant sued herein a DOE

20   POLICE OFFICER(S) and DOES 1 through 100, inclusive, and therefore

21   sues these defendants by fictitious names and will seek leave of Court to

22   amend this Complaint to show their true names when ascertained.

23       18.    Plaintiff is informed and believes and thereon alleges that each

24   of the defendants designated as a DOE herein is legally responsible in some

25

26

27

28

---

[1] Defendants QUINONES, SEKI, CASTILLO, CHUNG, RONGAVILLA, ROMERO, MCFARLAND, CARDELLA, TAMAYO and CARR are hereinafter collectively referred to as "Defendant POLICE OFFICERS".

1   manner for the events and happenings referred to which caused injuries

2   and damages to Plaintiff as herein alleged.

3        19.    Plaintiff is informed and believes and thereon alleges that at all

4   times relevant mentioned herein, defendants, and each of them, including

5   DOE POLICE OFFICER(S) and DOES 1 through 100, inclusive, were the

6   agents, servants, employees, permissive users, joint venturers, successors in

7   interest, assigns, subsidiaries and/or parent company, each of the other,

8   and at all times pertinent hereto were acting within the course and scope of

9   their authority as such agents, servants, employees, permissive users, joint

10   venturers, successors in interest, assigns, subsidiaries and/or parent

11   company of each other.

12        20.    Plaintiff is informed and believes and thereon alleges that at all

13   times relevant mentioned herein, defendants, and each of them, including

14   DOE POLICE OFFICER(S) and DOES 1 through 100, inclusive, were the

15   agent and/or employee of each of the co-defendants, and in doing the

16   things hereinafter alleged, each defendant was acting in a managerial

17   and/or supervisory capacity and in the course and scope of such agency

18   and/or employment with the permission and/or consent of said co-

19   defendants and acted with the power to bind defendant and each of them

20   to the acts of said individuals, and acts having thereafter been ratified by

21   defendants, and each of them.

22   **II.**    **JURSIDICTION AND CLAIMS STATUTE**

23        21.    This Court is proper because the injury to plaintiff's person

24   occurred in its jurisdictional area in Los Angeles, California, and at least

25   one defendant resides in this Court's jurisdictional area.

26        22.    Plaintiff is required to comply with a claims statute and has

27   complied with the applicable claims statute.

28   ///

## III.   <u>OPERATIVE FACTS</u>

23.    Plaintiff is informed and believes and thereon alleges that on or about June 20, 2016, one Dong Zhang was a victim of a purse snatching at the Alhambra Wells Fargo Bank.  At or about that same time, at that same location, Carlos Rocha was the victim of an attempted robbery.

24.    Plaintiff is informed and believes and thereon alleges that three (3) suspects were allegedly involved in the purse snatching and attempted robbery (the "crimes").

25.    Plaintiff is informed and believes and thereon alleges that following investigation by Defendant ALHAMBRA POLICE DEPARTMENT ("POLICE DEPT."), two individuals, Tony Ruacho ("Ruacho") and Leonardo Alfaro Jr. ("Alfaro"), were arrested in connection with the crimes.

26.    Plaintiff is informed and believes and thereon alleges that while being interviewed by the POLICE DEPT., Alfaro informed Defendant ROMERO that a third suspect, whom he identified as "Lil Joe" was involved.  Plaintiff is further informed and believes and thereon alleges that Alfaro described "Lil Joe" as a Hispanic male, between 5'6 and 5'7, with a stocky build, buzz cut hair style and mustache who was from the El Sereno gang and possibly resides in El Sereno on Phelps Street.

27.    Plaintiff is informed and believes and thereon alleges that sometime between June 20, 2016, and July 26, 2016, based solely on the description provided by Alfaro, the POLICE DEPT., more specifically, one or more of the Defendant POLICE OFFICERS, conducted a search of the database "CLETS"[2].  Based upon one prior arrest and conviction, in 2004, Plaintiff was in the database and the CLETS program identified Plaintiff as

---

[2] The CLETS system is an acronym for California Law Enforcement Telecommunication System.

1   a suspect based solely on physical appearance and the one prior arrest and
2   conviction more than twelve years before.

3       28.    Plaintiff is informed and believes and thereon alleges that
4   sometime between June 20, 2016, and July 26, 2016, based solely on the
5   results of the "CLETS" search identifying Plaintiff as the suspect, the
6   POLICE DEPT., in concert with Deputy District Attorney NORMA SERNA,
7   applied for, and wrongfully received, a warrant for Plaintiff's arrest.

8       29.    On or about July 27, 2016, Plaintiff was arrested by the POLICE
9   DEPT.  He was not contacted or questioned in any way prior to his arrest.
10  He was not asked about his whereabouts at the time of the June 20, 2016
11  incident prior to his arrest.  He was simply arrested.

12      30.    Upon his arrest, Plaintiff was not questioned, by the Defendant
13  POLICE OFFICERS.  However, Plaintiff attempted to tell them that he was
14  not the person they wanted and was, in fact, at work and then at a different
15  Wells Fargo Bank (several miles away) on the date and time of the incident,
16  but the Defendant POLICE DEPT. and Defendant POLICE OFFICERS
17  intentionally, deliberately, wantonly, recklessly, and/or willfully ignored
18  anything Plaintiff had to say with regard to his alibi information.

19      31.    Plaintiff's right to counsel was infringed upon as well.  The first
20  Public Defender appointed for the Plaintiff was not qualified to represent
21  Plaintiff due to severity of the allegations against him as well as the
22  oppressively high amount of bail requested (in excess of $900,000.00).
23  Accordingly, the attorney did not, and could not (due to his lack of
24  qualification to represent Plaintiff) provide the alibi information to the
25  POLICE DEPT.

26      32.    In the meantime, with the Plaintiff in custody, Defendant
27  POLICE DEPT., the Defendant POLICE OFFICERS, and Defendant
28  SERNA, intentionally, deliberately, wantonly, recklessly, and/or willfully

1  continued to ignore Plaintiff's protestations that he was not the responsible

2  party and was, in fact, in another location entirely at the time of the

3  incident, and intentionally, deliberately, wantonly, recklessly, and/or

4  willfully refused to allow Plaintiff to present evidence of that alibi.

5      33.    Defendant was unable to raise the minimum $90,000 for bail

6  and was held in custody for 14 days.  During that time Plaintiff was held

7  against his will by Defendants, and each of them, in horrible conditions.

8      34.    On August 9, 2016, more than ten (10) days later, at a court

9  hearing, a new, **qualified**, Public Defender was appointed.  It wasn't until

10  the Public Defender was appointed that the Public Defender was able to

11  present the evidence to Deputy District Attorney NORMA SERNA, who

12  then dismissed the charges, stating it was a case of "mistaken identity."

13      35.    Such arrest and prosecution of Plaintiff occurred without legal

14  or probable cause, intentionally, deliberately, wantonly, maliciously and

15  with reckless disregard for Plaintiff's lawful rights.  Such arrest and

16  criminal prosecution of Plaintiff occurred without any verification of facts,

17  confirmation of identity, without legal and/or probable cause, and without

18  review of alibi evidence which would have definitively proved that

19  Plaintiff was incorrectly identified as a suspect.

20      36.    At all times relevant herein, Defendants, and each of them,

21  wantonly, deliberately, maliciously, and recklessly ignored the fact that

22  there was insufficient evidence to either arrest and/or incarcerate Plaintiff

23  for the June 20, 2016 incident.

24      37.    The aforementioned acts of Defendants, and each of them, were

25  committed with malice, oppression and fraud, without regard for the rights

26  to which Plaintiff is entitled under the laws of the United States of America

27  and the State of California.

28

38.     As a result of the wanton, deliberate, malicious, oppressive, and reckless acts of the Defendants, and each of them, Plaintiff was wrongfully incarcerated for fourteen days, causing Plaintiff to lose his employment, as well as harm to his self-esteem, psyche, relationships, and social networks, all of which were permanently damaged.  In total, Mr. Grinie, was wrongfully incarcerated for at least 14 days, without justification and/or excuse, as discussed further herein.

## IV.

## FIRST CAUSE OF ACTION

(For False Imprisonment/ False Arrest – Against All Defendants)

39.     Plaintiff hereby refers to Paragraphs 1 through 38, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

40.     Plaintiff was arrested by defendants, and each of them, and/or defendants, and each of them, intentionally and/or with wanton and willful reckless disregard, caused Plaintiff to be wrongfully arrested.

41.     The warrant for arrest was obtained based solely upon physical description and prior convictions of Plaintiff.

42.     Had Defendants POLICE DEPT. and POLICE OFFICERS bothered to question Plaintiff prior to his arrest, or issuance of a warrant, they would have learned that Plaintiff had an alibi, with documentary proof of same.

43.     Defendants, and each of them, further caused Plaintiff harm by failing to question him or investigate facts with regard to Plaintiff's whereabouts or other facts following his arrest.

44.     As a result of Defendants, and each of them, willful, malicious, wanton and reckless acts, and failure to act, Plaintiff was falsely imprisoned.

45.    The acts of defendant, and each of them, were a substantial factor in causing Plaintiff harm.

46.    Plaintiff was arrested with no probable cause, in bad faith, and with unnecessary delay in process and release.

## V.

## SECOND CAUSE OF ACTION

(For Intentional Infliction of Emotional Distress – Against All Defendants)

47.    Plaintiff hereby refers to Paragraphs 1 through 46, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

48.    The conduct of Defendants, and each of them, was extreme and outrageous, and intended and/or with reckless disregard caused Plaintiff emotional distress.

49.    Defendants, and each of them, acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

50.    As a result of the egregious conduct of Defendants, and each of them, Plaintiff suffered severe emotional distress, and the conduct of defendants, and each of them, was a substantial factor in causing Plaintiff's severe emotional distress.

## VI.

## THIRD CAUSE OF ACTION

(For Negligence – Against All Defendants)

51.    Plaintiff hereby refers to Paragraphs 1 through 50, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

52.    Defendants, and each of them, owed Plaintiff a duty of care to prevent harm to Plaintiff.

11

53.     The conduct of Defendants, and each of them, fell below the standard of care that a reasonable situated person and/or entity would have exercised in the same or similar circumstance, therein breaching such duty of care owed to Plaintiff.

54.     Defendants, and each of them, acted with disregard to Plaintiff's physical and emotional rights, causing severe harm and/or damage, with their acts as a substantial factor to Plaintiff's harm.

## VII.

## FOURTH CAUSE OF ACTION

(For Negligent Infliction of Emotional Distress – Against All Defendants)

55.     Plaintiff hereby refers to Paragraphs 1 through 54, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

56.     Defendants, and each of them, were negligent, as pled hereinabove.

57.     As a direct result of the negligence of defendants, and each of them, Plaintiff suffered severe emotional distress.

58.     The negligence of Defendants, and each of them, was a substantial factor in causing Plaintiff's severe emotional distress, causing suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, more than an ordinary reasonable person would be able to cope with, and with physical manifestations thereon.

## VIII.

## FIFTH CAUSE OF ACTION

(For Defamation – Against All Defendants)

59.     Plaintiff hereby refers to Paragraphs 1 through 58, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

60. As described and discussed hereinabove, Defendants, and each of them, made defamatory statements regarding Plaintiff, including that Plaintiff had committed an armed robbery, a fact which was untrue without any reasonable doubt. The statements were disseminated throughout the city, state, county, country, world, and made through all forms of media known to currently exist throughout the galaxy.

61. The statements referred to Plaintiff by name, description and/or photographically, and throughout, was made of and concerning Plaintiff, and was so understood by those who read and/or saw the statements.

62. The entire statement of Defendants, and each of them, is false as it pertains to Mr. Torres and Plaintiff. The statement is libelous on its face. It clearly exposes Plaintiff to hatred, contempt, ridicule, and obloquy, as described hereinabove. The statement was disseminated and seen widespread.

63. The statement was seen and viewed by the community and entire city of Los Angeles, as well as state, county, country, world, and made through all forms of media known to currently exist throughout the galaxy.

64. As a proximate result of the above-described statement and publication thereof, Plaintiff has suffered a loss of reputation, shame, mortification, and emotional/physical injury.

65. The aforementioned statement and publication thereof was not privileged because it was published by defendants with malice, hatred, ill will, and/or wanton disregard for Plaintiff's rights, with the desire and/or reckless disregard to injure Plaintiff.

///

///

///

13

## IX.

## SIXTH CAUSE OF ACTION

(For Interference with Rights Secured by the Constitution and/or Laws of the State of California – Against All Defendants)

66.    Plaintiff hereby refers to Paragraphs 1 through 65, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

67.    Defendants, and each of them, intentionally interfered with and/or attempted to interfere with, Plaintiff's constitutional right to freedom from restraint, false imprisonment, allegations of criminal acts he could not possibly have committed, and right to all other protections under the California and United States Constitutions.

68.    Plaintiff was harmed, as described hereinabove, and the conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff harm.

## X.

## SEVENTH CAUSE OF ACTION

(For Multiple Violations of Civil Rights Pursuant to 42 U.S.C. 1983 – Against All Defendants)

69.    Plaintiff hereby refers to Paragraphs 1 through 68, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

70.    Plaintiff is informed and believes and thereon alleged that Defendants, and each of them, intentionally (and with Scienter) maliciously, wantonly, recklessly, and willfully, with conscious disregard for Plaintiff's rights, incarcerated Plaintiff. Such conduct was known or should have been known to Defendants, and each of them, such that the aforementioned conduct was obvious and therefore intentional.

1   Defendants, and each of them, should have obtained whereabouts
2   information from the Plaintiff prior to arresting him.  That Plaintiff was
3   held for over 14 days in incarceration while his life deteriorated, physically,
4   socially, financially and mentally, even though simply questioning Plaintiff
5   would provide the necessary proof that he was not the person they were
6   seeking and was indeed, wrongfully identified as such.

7       71.    Defendants, and each of them, acted and purported to act in the
8   performance of their official duties as employees of the other defendants.

9       72.    The conduct of Defendants, and each of them, violated
10  Plaintiff's civil rights, including, but not limited to, his right to be free from
11  unlawful detainment/incarceration, ridicule, harassment, embarrassment,
12  torture, unfit conditions, cruel and unusual punishment, and other rights
13  protected under the California and United States Constitutions.
14  Specifically, Plaintiff alleges that Defendants, and each of them, have
15  deprived him of his constitutional and federal rights to be free from
16  unreasonable and unlawful incarceration.  Defendants, and each of them,
17  have deprived Plaintiff of that right and acted under color of state and/or
18  territorial law.  There was no qualified immunity, as Defendants knew
19  and/or should have known that they were intentionally and maliciously
20  ignoring feasible evidence that would have immediately acquitted all
21  criminal claims against Plaintiff.

22      73.    Likewise, Defendants, and each of them, used excessive force in
23  arresting and/or detaining Plaintiff, while Defendants, and each of them,
24  were acting and/or purported to act in performance of their official duties.
25  Such force was not reasonably necessary under the circumstances to
26  effectuate the arrest, and indeed caused Plaintiff severe emotional distress
27  and harm.

28

74.    Additionally, Plaintiff claims and alleges that they were deprived of their civil rights as a result of the official policies of defendants, and each of them, in the City of Alhambra and County of Los Angeles. Defendants, and each of them, intentionally, maliciously, wantonly, willfully, with reckless disregard, and with actual intent and desire to harm Plaintiff, violated Plaintiff's civil rights as pled herein.  Such conduct on behalf of Defendants, and each of them, occurred as a result of the official policy and/or custom and practice of the CITY OF ALHAMBRA and COUNTY OF LOS ANGELES.  Plaintiff alleges and herein pleads that the municipality was the "moving force" behind the injuries alleged.  Plaintiff alleges herein that the municipal action on behalf of Defendants, and each of them, was taken with the requisite degree of culpability demonstrating a direct causal link between the municipal action and the deprivation of federal rights.

75.    Also, Defendants, and each of them, deprived Plaintiff of his civil rights as a result of Defendant CITY, Defendant POLICE DEPT., Defendant COUNTY, and Defendant LACEY, and each of them, failure to train its officers, agents, deputies and employees of how to properly handle usual and recurring situations, as occurred herein, when they failed to question Plaintiff regarding the incident prior to obtaining a warrant for his arrest.  Defendants' training program was not adequate to train its officers to handle this type of recurring and usual situation properly.  Defendants were deliberately indifferent to the need to train their officers, agents, and employees, adequately.  Such failure to provide proper training was the cause of the deprivation of Plaintiff's constitutional rights.

76.    Official policies of Defendants COUNTY and CITY were also violated by Defendants, and each of them, specifically, official policies that were violated were rules and regulations regarding racial profiling and

1  discrimination, all applicable rules and regulations approved by

2  Defendants' legislative bodies', policy statements and/or decisions

3  officially made by the city and county's lawmaking body, custom,

4  permanent, and widespread/well-settled practices of the city and county.

5       77.    Plaintiff was also denied full and equal accommodations,

6  advantages, facilities, privileges, services, with a motivating reason for

7  defendants' conduct being Plaintiff's race, sex, color, ancestry, national

8  origin, disability, and/or medical condition.  Aside from race, sex, color,

9  religion, ancestry, and national origin, it is clear to all that Plaintiff bears no

10  resemblance to the robbery suspect for whom he was incarcerated for 14

11  days as.

12       78.    There were no exigent circumstances, consent to search, and/or

13  search incident to a lawful arrest.  Any and all searches were in direct

14  violation of Plaintiff's aforementioned civil rights.

15       79.    As a result of the aforementioned acts and omissions of

16  Defendants, and each of them, Plaintiff was harmed, and defendants'

17  wrongful conduct was a substantial factor in causing Plaintiff harm.

18                              <u>XI.</u>

19                   <u>**EIGHTH CAUSE OF ACTION**</u>

20            (For Respondeat Superior – Against All Defendants)

21       80.    Plaintiff hereby refers to Paragraphs 1 through 79, hereinabove,

22  inclusive, and by this reference incorporates the same as though fully set

23  forth herein.

24       81.    Plaintiff is informed and believes, and thereon alleges, that at

25  all times relevant herein, Defendants, and each of them, were employees

26  and/or agents of each other, and in doing the things herein alleged, were

27  acting within the course and scope of that agency and employment.

28

1   Defendants, and each of them, are therefore liable to Plaintiff for the

2   tortious actions and inactions of the other defendants as alleged herein.

3       82.     Plaintiff is informed and believes and thereon alleges that at all

4   times herein mentioned, Defendant COUNTY, Defendant CITY, and all

5   DOEs, including named DOEs, and other city/county personnel, were

6   agents and employees of their respective employers at the time of their

7   actions.  Plaintiff further alleges that these officials, and each of them, were

8   acting within the course and scope of their agency and employment.

9   Defendants, and each of them, are therefore liable to Plaintiff for the

10  tortious acts and inactions of all other defendants as alleged herein.

11                      **XII.**

12              **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays for judgment against the defendants,

14  and each of them, and DOES 1 through 100, as follows:

15      1.     For general damages, according to proof;

16      2.     For past loss of earnings and benefits, according to proof;

17      3.     For future loss of earnings capacity and benefits, according to

18  proof;

19      4.     For medical expenses and related items of expense, according

20  to proof;

21      5.     For all costs of suit herein'

22      6.     For prejudgment and post-judgment interest, according to

23  proof;

24      7.     For general attorney's fees incurred herein, as well as attorney's

25  fees as allowed by statute, the law, the California Constitution, and the

26  United States Constitution;

27      8.     For exemplary and/or punitive damages; and

28

1        9.     For such other and further relief as the court deems just and

2  proper.

3

4  Dated:  April 11, 2019

5                                   KAYRETHA HALE WILLIS, ESQ.

6                                    Attorney for Plaintiff,

7                                    JOE GRINIE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

## VERIFICATION

I, the undersigned hereby states and declares as follows:

I am the Plaintiff in the within matter.  I have read the foregoing **COMPLAINT** and state that each such fact set forth therein is true and correct from my own personal knowledge.  I certify under penalty of perjury under the laws of the State of California that each fact set forth therein is true and correct, except that which is alleged pursuant to information and belief, and then I believe it to be true.

Executed this ____ day of March, 2019, at Los Angeles, California.

4/11/2019 _Joe A. Grinie_

# EXHIBIT A

CITY OF ALHAMBRA

*AMENDED*
**CLAIM FOR DAMAGE**

Read Entire Claim Before Filling In

| Reserve for City Clerk Filing Site |
|---|
| FILED |
| 2017 JAN 12 AM 10: 55 |
| CITY OF ALHAMBRA CITY CLERK'S OFFICE |

ALHAMBRA CITY CLERK
CITY HALL
111 S. FIRST STREET
ALHAMBRA, CA 91801

NOTE: See other side for diagram upon which to locate place of accident.

| | | INSERT ADDRESS WHERE CLAIMANT DESIRES NOTICES TO BE SENT |
|---|---|---|
| Joe Grinie | (323) 399-8082 | |
| NAME OF CLAIMANT | PHONE NUMBER | Do Kim, Esq, Law Offices of Do Kim, APLC |
| 8505 Hickory Street | | |
| ADDRESS | | ADDRESS |
| Los Angeles, CA 90001 | | 3435 Wilshire Blvd., Ste 2700, LA, CA 90010 |
| CITY, STATE, ZIP CODE | | CITY AND STATE |

HOW did damage or injury occur?  Give full particulars. _____
Please see Attachment A.
_____
_____
_____

WHEN did damage or injury occur?  Date Approx. July 27, 2016 _____ Time _____ A.M. [  ] P.M. [  ]

WHERE did damage or injury occur?  (Give nearest street address and locate on diagram on reverse of this sheet.)
Joe Grinie was arrested in the City of Los Angeles.  However, the arrest warrant was requested by the Alhambra Police
Department officers.
WHAT particular Act or Omission do you claim caused the injury or damage? _____
Please see Attachment A.

Name of city employee involved in accident: See Attachment A.
WHAT DAMAGE or INJURIES do you claim resulted?   Give full extent of injuries or damage claimed (See reverse side)
False arrest and imprisonment, incarceration, emotional distress, humiliation, fear, anxiety, torment, degradation, loss of
income, damage to reputation, etc.  Claimant reserves his right to other damages.

WHAT SUM do you claim on account of — INJURIES $ 1.5 million _____ PROPERTY DAMAGE $ 0 _____
OTHER SUMS CLAIMED.
OTHER DETAILS. This matter constitutes an unlimited civil case within the jurisdiction of the Los Angeles Superior Court
and federal court.
_____

(Attach separate sheet, if necessary, to this form so full details can be given; sign each sheet.)
Insurance payments received, if any, and name of Insurance Company. Not applicable.

Expenditures made on account of accident or injury:

| Date | Item | | Amount |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |

Name and Address of Witnesses, Doctors, and Hospitals:
Joe Grinie, Gloria Grinie, Officer J. Romero (104), Officer J. Quinones (196), Officer E. Tamayo (225), Detective Ng,
Dong Zhang, Carlos Rocha, Christina Vang, Simon Tam, other unknown officers of the Alhambra Police Department.

NOTE: All claimants may be required to be examined as to their claim under oath.  Presentation of a false claim with intent to defraud a felony
(Cal. Pen. Code Sec. 72)

1/12/17
DATE FILED

SIGNATURE

## READ CAREFULLY

**PROPERY DAMAGE ESTIMATES** – All claims involving property damage must be accompanied by three (3) bona fide repair estimates before claims will be considered.

For all accident claims place on following diagram names of streets, including North, East, South, and West; indicate place of accident by "X" and by showing house numbers or distances to street corners.

If City Vehicle was involved, designate by letter "A" location of City vehicle when you first saw it, and by "B" location of yourself or your vehicle when you first saw City vehicle; location of City vehicle at time of accident by "A-1" and location of yourself or your vehicle at the time of the accident "B-1" and the point of impact by "X".

Note: If diagrams below do not fit the situation, attach hereto a proper diagram signed by claimant.



Do Hyung Ki

<u>**Joe Grinie City of Alhambra Claim for Damages**</u>
<u>**Attachment A**</u>

On or about June 20, 2016, Dong Zhang, was the victim of a purse snatching at the Alhambra Wells Fargo bank. Carlos Rocha was also a victim of an attempted robbery at the same Alhambra Wells Fargo bank around the same time. Three suspects were allegely involved in the purse snatching and attempted robbery.

As a result of the investigation of the crime by the Alhambra Police Department, two individuals, Tony Ruacho and Leonardo Alfaro, Jr., were arrested, after they were both video interviewed by the Alhambra Police Department officers.

Apparently Leonardo Alfaro, Jr. stated in the interview by Alhambra Police Department Officer J. Romero (ID No. 104) that there was a third suspect named "Lil Joe." Mr. Alfaro described "Lil Joe" as a Hispanic male, approximately 5'6"-5'7" tall with a stalky build, buzz cut hair style and mustache who was from the El Sereno gang and possibly resides in El Sereno on Phelps Street.

Officer J. Romero concluded that Joe Grinie was a possible match for the third suspect, even though the description did not match, nor did the video footage of the incident match that of Joe Grinie, nor did the crime report. Nevertheless, Alhambra Police Department Officers, including Officer J. Romero and Detective Ng conducted a six pack photographic lineup using Joe Grinie's most recent booking photo. Officer J. Romero stated in the Supplemental Crime Report that Victim Dong Zhang pointed to Joe Grinie's photo and identified him as the person who took her purse but stated she was not 100 percent sure. Witness Simon Tam was also shown the photographic lineup with Joe Grinie's photo and he was unable to positively identify Joe Grinie. Victim Rocha was also shown the photographic lineup with Joe Grinie and he was unable to positively identify Joe Grinie. Detective Quinones contacted Witness Christina Vang and showed her the photographic lineup for Joe Grinie but she could not recognize any of them.

Claimant Joe Grinie is informed and believes and thereon alleges that Officer J. Romero (ID No. 104), along with Det. Ng, Officer Quinones, and/or some other unknown officers of the Alhambra Police Department conspired to requested a warrant for Joe Grinie's arrest, without the probable cause to do so. There was no clear identification of Joe Grinie as the suspect who snatched the purse from Ms. Zhang because Ms. Zhang was not 100% sure and because several other witnesses could not identify Joe Grinie from the photographic lineup. In addition, Officer J. Romero and other unknown officers of the Alhambra Police Department failed the investigate Joe Grinie's whereabouts on June 20, 2016 as Officer Romero had done with the other two suspects. If Officer J. Romero had interviewed Joe Grinie, he would have learned that at the time of the purse snatching and attempted robbery, Joe Grinie was at a Wells Fargo Bank in South Gate opening up a bank account with his mother, Gloria Grinie. Mr. Grinie had worked on June 20, 2016 and went to open up a bank account with his mother after he was done with work.

June 20 2016

Page 1 of 2

Do Hyung Ki

Joe Grinie is informed and believes and thereon alleges that when requesting an arrest warrant for Joe Grinie, Officer J. Romero, Officer J. Quinones (ID No. 196), Officer E. Tamayo ((ID No. 225), Detective Ng, and/or other unknown officers of the Alhambra Police Department conspired and/or made material misrepresentations and/or made false representations to develop the probable caused required for the court to issue the arrest warrant for Joe Grinie.  In addition, all of these officers failed to prevent the request for an arrest warrant for Joe Grinie by Officer Romero even though they knew there was no probable cause for the arrest warrant.  Joe Grinie is informed and believes and thereon alleges that without such misrepresentations and/or false representations, the Court would not have issued the arrest warrant for Joe Grinie's arrest.  It is Joe Grinie's understanding that a judge (unknown at this time) approved his arrest warrant, based on these misrepresentations.

On or about July 27, 2016, Joe Grinie was stopped and arrested for having a warrant for his arrest for the June 20, 2016 purse snatching/attempted robbery incident at the Alhambra Wells Fargo bank.  Joe Grinie does not know the identity of the officer who arrested him.

After approximately 14 days in jail for a crime he did not commit, Mr. Grinie was released from jail on or about August 9, 2016.

As a result of the false arrest, false imprisonment, and negligent and wrongful conduct of the Alhambra Police Department officers, Mr. Grinie has suffered significant damages, including but not limited to emotional distress, humiliation, fear, anxiety, torment, degradation, loss of earnings, and damage to reputation.  The full extent of Mr. Grinie's damages are uncertain at this time.  Therefore, Mr. Grinie reserves the right to seek additional damages should they arise in the future.

Mr. Grinie is informed and believes and thereon alleges that the Alhambra Police Department officers and employees responsible for his damages were negligently trained, retained, and supervised by the Alhambra Police Department and its supervisory officials.  Mr. Grinie is further informed and believes and thereon alleges that the City of Alhambra and the Alhambra Police Department have policies and practices that permit innocent persons such as Mr. Grinie to be falsely arrested.  The City of Alhambra and its police department have a policy and practice of condoning and ratifying the arrest of innocent people because they fail to have in place an appropriate mechanism, practice, or policy to ensure that innocent people are not falsely arrested and imprisoned for crimes they did not commit.

Mr. Grinie reserves the right to assert any claims against the City of Alhambra and its employees based on this conduct, including claims for false arrest and imprisonment, negligence, negligent and intentional infliction of emotional distress, negligent training, retention, and supervision, and violations of state and federal constitutions and statutes, including but not limited to 42 U.S.C. §§ 1983, 1985, 1986, 1988.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2019 10:12 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Kristina Vargas, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF ALHAMBRA; (SEE ADDITIONAL ATTACHMENT)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOE A. GRINIE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| LOS ANGELES SUPERIOR COURT, 111 North Hill Street, Los Angeles, CA 90012 | 19STCV22668 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kayretha Hale Willis, Esq., 611 Wilshire Blvd., Suite 1215, Los Angeles, CA 90012 (213) 617-1035

| DATE: 06/28/2019 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* | Kristina Vargas | , Deputy *(Adjunto)* |
|---|---|---|---|---|
| *(Fecha)* | | | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Grinie v. City of Alhambra | 19STCV22668 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ALHAMBRA POLICE DEPARTMENT; COUNTY OF LOS ANGELES; DETECTIVE J. QUINONES (ID 196); T. SEKI (ID 220); DETECTIVE CASTILLO (ID 134); B. CHUNG (ID 281); R. RONGAVILLA (ID 128); DETECTIVE JESUS ROMERO (ID); Z. MCFARLAND (ID 282);  CARDELLA (ID ); JACKIE LACEY, DISTRICT ATTORNEY OF THE COUNTY OF LOS ANGELES; NORMA SERNA, DEPUTY DISTRICT ATTORNEY; E. TAMAYO (ID 225); SARGEANT S. CARR (ID 124);  and DOES 1 through 100, inclusive,

            Defendants.

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

1  KAYRETHA HALE WILLIS, ESQ. (SBN 134091)
   LAW OFFICE OF KAYRETHA HALE WILLIS
2  611 Wilshire Blvd., Suite 1215
   Los Angeles, CA  90017
3  Phone:     (213) 617-1035
   E-mail:  hale10@prodigy.net
4

5  Attorney for Plaintiff
   JOE A. GRINIE
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

10

11  JOE A. GRINIE,                          )  Case No. 19STCV22668
                                            )
12                  Plaintiff,              )  COMPLAINT FOR DAMAGES:
                                            )
13          vs.                             )  1.   FALSE IMPRISONMENT/
                                            )       FALSE ARREST;
14  CITY OF ALHAMBRA;                       )  2.   INTENTIONAL
    ALHAMBRA POLICE                         )       INFLICTION OF
15  DEPARTMENT; COUNTY OF                   )       EMOTIONAL DISTRESS;
    LOS ANGELES; DETECTIVE J.               )  3.   NEGLIGENCE;
16  QUINONES (ID 196); T. SEKI (ID          )  4.   NEGLIGENT INFLICTION
    220); DETECTIVE CASTILLO (ID            )       OF EMOTIONAL
17  134); B. CHUNG (ID 281); R.             )       DISTRESS;
    RONGAVILLA (ID 128);                    )  5.   DEFAMATION;
18  DETECTIVE JESUS ROMERO                  )  6.   ABUSE OF PROCESS;
    (ID); Z. MCFARLAND (ID 282);            )  7.   INTERFERENCE WITH
19  CARDELLA (ID ); JACKIE LACEY,           )       RIGHTS SECURED BY THE
    DISTRICT ATTORNEY OF THE                )       CONSTITUTION OR LAWS
20  COUNTY OF LOS ANGELES;                  )       OF THE STATE OF
    NORMA SERNA, DEPUTY                     )       CALIFORNIA;
21  DISTRICT ATTORNEY; E.                   )  8.   VIOLATION OF CIVIL
    TAMAYO (ID 225); SARGEANT S.            )       RIGHTS PURSUANT TO 42
22  CARR (ID 124);  and DOES 1              )       USC 1983; and,
    through 100, inclusive,                 )  9.   RESPONDEAT SUPERIOR
23
                   Defendants
24

25          COMES NOW Plaintiff JOE GRINIE and for causes of action against

26  Defendants CITY OF ALHAMBRA, ALHAMBRA POLICE

27  DEPARTMENT; DOE POLICE OFFICER(S), and DOES 1 through 100, and

28  each of them, as follows:

                                    1

1
2   **I.     GENERAL ALLEGATIONS**

3        1.     Plaintiff JOE GRINIE is an individual and is and was at all

4   times herein mentioned a resident of the City of Los Angeles, County of

5   Los Angeles, State of California.

6        2.     Defendant CITY OF ALHAMBRA ("CITY") is a municipal

7   government operating as an incorporated city within the County of Los

8   Angeles, State of California.

9        3.     Defendant ALHAMBRA POLICE DEPARTMENT ("POLICE

10  DEPT.") is now, and at all times herein mentioned was, a division of the

11  CITY providing law enforcement for the CITY, operating within the

12  County of Los Angeles, State of California.

13       4.     Defendant COUNTY OF LOS ANGELES ("COUNTY") is now,

14  and at all times herein mentioned was, a municipal government, operating

15  as a governing board for certain divisions within the County of Los

16  Angeles, including, but not limited to, the District Attorney's Office, within

17  the County of Los Angeles, State of California.

18       5.     Plaintiff is informed and believes and thereon alleges that

19  Defendant DETECTIVE J. QUINONES ("QUINONES") is now, and at all

20  times mentioned herein was, a Police Officer employed by Defendant

21  POLICE DEPT., more particularly identified by Badge ID 196.  Plaintiff is

22  informed and believes and thereon alleges that at all times mentioned

23  herein, QUINONES was acting within the course and scope of such

24  employment and under the color of such authority.

25       6.     Plaintiff is informed and believes and thereon alleges that

26  Defendant T. SEKI ("SEKI") is now, and at all times mentioned herein was,

27  a Police Officer employed by Defendant POLICE DEPT., more particularly

28  identified by Badge ID 220.  Plaintiff is informed and believes and thereon

1   alleges that at all times mentioned herein, SEKI was acting within the

2   course and scope of such employment and under the color of such

3   authority.

4         7.     Plaintiff is informed and believes and thereon alleges that

5   Defendant DETECTIVE CASTILLO ("CASTILLO") is now, and at all times

6   mentioned herein was, a Police Officer employed by Defendant POLICE

7   DEPT., more particularly identified by Badge ID 134.  Plaintiff is informed

8   and believes and thereon alleges that at all times mentioned herein,

9   CASTILLO was acting within the course and scope of such employment

10  and under the color of such authority.

11        8.     Plaintiff is informed and believes and thereon alleges that

12  Defendant B. CHUNG ("CHUNG") is now, and at all times mentioned

13  herein was, a Police Officer employed by Defendant POLICE DEPT., more

14  particularly identified by Badge ID 281.  Plaintiff is informed and believes

15  and thereon alleges that at all times mentioned herein, CHUNG was acting

16  within the course and scope of such employment and under the color of

17  such authority.

18        9.     Plaintiff is informed and believes and thereon alleges that

19  Defendant R. RONGAVILLA ("RONGAVILLA") is now, and at all times

20  mentioned herein was, a Police Officer employed by Defendant POLICE

21  DEPT., more particularly identified by Badge ID 128.  Plaintiff is informed

22  and believes and thereon alleges that at all times mentioned herein,

23  RONGAVILLA was acting within the course and scope of such

24  employment and under the color of such authority.

25        10.    Plaintiff is informed and believes and thereon alleges that

26  Defendant DETECTIVE JESUS ROMERO ("ROMERO") is now, and at all

27  times mentioned herein was, a Police Officer employed by Defendant

28  POLICE DEPT., more particularly identified by Badge ID 104.  Plaintiff is

1   informed and believes and thereon alleges that at all times mentioned
2   herein, ROMERO was acting within the course and scope of such
3   employment and under the color of such authority.

4       11.   Plaintiff is informed and believes and thereon alleges that
5   Defendant Z. MCFARLAND ("MCFARLAND") is now, and at all times
6   mentioned herein was, a Police Officer employed by Defendant POLICE
7   DEPT., more particularly identified by Badge ID 282. Plaintiff is informed
8   and believes and thereon alleges that at all times mentioned herein,
9   MCFARLAND was acting within the course and scope of such
10  employment and under the color of such authority.

11      12.   Plaintiff is informed and believes and thereon alleges that
12  Defendant CARDELLA ("CARDELLA") is now, and at all times mentioned
13  herein was, a Police Officer employed by Defendant POLICE DEPT., whose
14  Badge ID is currently unknown. Plaintiff is informed and believes and
15  thereon alleges that at all times mentioned herein, CARDELLA was acting
16  within the course and scope of such employment and under the color of
17  such authority.

18      13.   Plaintiff is informed and believes and thereon alleges that
19  Defendant E. TAMAYO ("TAMAYO") is now, and at all times mentioned
20  herein was, a Police Officer employed by Defendant POLICE DEPT., more
21  particularly identified by Badge ID 225. Plaintiff is informed and believes
22  and thereon alleges that at all times mentioned herein, TAMAYO was
23  acting within the course and scope of such employment and under the
24  color of such authority.

25      14.   Plaintiff is informed and believes and thereon alleges that
26  Defendant SERGEANT S. CARR ("CARR") is now, and at all times
27  mentioned herein was, a Police Officer employed by Defendant POLICE
28  DEPT., more particularly identified by Badge ID 124. Plaintiff is informed

4

1   and believes and thereon alleges that at all times mentioned herein, CARR

2   was acting within the course and scope of such employment and under the

3   color of such authority.[1]

4         15.    Plaintiff is informed and believes and thereon alleges that

5   Defendant JACKIE LACEY ("LACEY") is now, and at all times mentioned

6   herein was, the duly elected District Attorney for the County of Los

7   Angeles, State of California.  Plaintiff is informed and believes and thereon

8   alleges that at all times mentioned herein, LACEY was acting within the

9   course and scope of such employment and under the color of such

10  authority.

11        16.    Plaintiff is informed and believes and thereon alleges that

12  Defendant NORMA SERNA ("SERNA") is now, and at all times mentioned

13  herein was, the a Deputy District Attorney employed by the County of Los

14  Angeles, State of California, under the direct supervision of LACEY.

15  Plaintiff is informed and believes and thereon alleges that at all times

16  mentioned herein, SERNA was acting within the course and scope of such

17  employment and under the color of such authority.

18        17.    Plaintiff is ignorant of the true names and capacities, whether

19  individual, corporate or otherwise, of defendant sued herein a DOE

20  POLICE OFFICER(S) and DOES 1 through 100, inclusive, and therefore

21  sues these defendants by fictitious names and will seek leave of Court to

22  amend this Complaint to show their true names when ascertained.

23        18.    Plaintiff is informed and believes and thereon alleges that each

24  of the defendants designated as a DOE herein is legally responsible in some

25

26

27  [1] Defendants QUINONES, SEKI, CASTILLO, CHUNG, RONGAVILLA,
    ROMERO, MCFARLAND, CARDELLA, TAMAYO and CARR are
28  hereinafter collectively referred to as "Defendant POLICE OFFICERS".

5

1  manner for the events and happenings referred to which caused injuries
2  and damages to Plaintiff as herein alleged.

3      19.   Plaintiff is informed and believes and thereon alleges that at all
4  times relevant mentioned herein, defendants, and each of them, including
5  DOE POLICE OFFICER(S) and DOES 1 through 100, inclusive, were the
6  agents, servants, employees, permissive users, joint venturers, successors in
7  interest, assigns, subsidiaries and/or parent company, each of the other,
8  and at all times pertinent hereto were acting within the course and scope of
9  their authority as such agents, servants, employees, permissive users, joint
10 venturers, successors in interest, assigns, subsidiaries and/or parent
11 company of each other.

12     20.   Plaintiff is informed and believes and thereon alleges that at all
13 times relevant mentioned herein, defendants, and each of them, including
14 DOE POLICE OFFICER(S) and DOES 1 through 100, inclusive, were the
15 agent and/or employee of each of the co-defendants, and in doing the
16 things hereinafter alleged, each defendant was acting in a managerial
17 and/or supervisory capacity and in the course and scope of such agency
18 and/or employment with the permission and/or consent of said co-
19 defendants and acted with the power to bind defendant and each of them
20 to the acts of said individuals, and acts having thereafter been ratified by
21 defendants, and each of them.

22 **II.   JURSIDICTION AND CLAIMS STATUTE**

23     21.   This Court is proper because the injury to plaintiff's person
24 occurred in its jurisdictional area in Los Angeles, California, and at least
25 one defendant resides in this Court's jurisdictional area.

26     22.   Plaintiff is required to comply with a claims statute and has
27 complied with the applicable claims statute.

28 ///

## III.   OPERATIVE FACTS

23.    Plaintiff is informed and believes and thereon alleges that on or about June 20, 2016, one Dong Zhang was a victim of a purse snatching at the Alhambra Wells Fargo Bank.  At or about that same time, at that same location, Carlos Rocha was the victim of an attempted robbery.

24.    Plaintiff is informed and believes and thereon alleges that three (3) suspects were allegedly involved in the purse snatching and attempted robbery (the "crimes").

25.    Plaintiff is informed and believes and thereon alleges that following investigation by Defendant ALHAMBRA POLICE DEPARTMENT ("POLICE DEPT."), two individuals, Tony Ruacho ("Ruacho") and Leonardo Alfaro Jr. ("Alfaro"), were arrested in connection with the crimes.

26.    Plaintiff is informed and believes and thereon alleges that while being interviewed by the POLICE DEPT., Alfaro informed Defendant ROMERO that a third suspect, whom he identified as "Lil Joe" was involved.  Plaintiff is further informed and believes and thereon alleges that Alfaro described "Lil Joe" as a Hispanic male, between 5'6 and 5'7, with a stocky build, buzz cut hair style and mustache who was from the El Sereno gang and possibly resides in El Sereno on Phelps Street.

27.    Plaintiff is informed and believes and thereon alleges that sometime between June 20, 2016, and July 26, 2016, based solely on the description provided by Alfaro, the POLICE DEPT., more specifically, one or more of the Defendant POLICE OFFICERS, conducted a search of the database "CLETS"[2]. Based upon one prior arrest and conviction, in 2004, Plaintiff was in the database and the CLETS program identified Plaintiff as

---

[2] The CLETS system is an acronym for California Law Enforcement Telecommunication System.

1  a suspect based solely on physical appearance and the one prior arrest and
2  conviction more than twelve years before.

3       28.    Plaintiff is informed and believes and thereon alleges that
4  sometime between June 20, 2016, and July 26, 2016, based solely on the
5  results of the "CLETS" search identifying Plaintiff as the suspect, the
6  POLICE DEPT., in concert with Deputy District Attorney NORMA SERNA,
7  applied for, and wrongfully received, a warrant for Plaintiff's arrest.

8       29.    On or about July 27, 2016, Plaintiff was arrested by the POLICE
9  DEPT.  He was not contacted or questioned in any way prior to his arrest.
10 He was not asked about his whereabouts at the time of the June 20, 2016
11 incident prior to his arrest.  He was simply arrested.

12      30.    Upon his arrest, Plaintiff was not questioned, by the Defendant
13 POLICE OFFICERS.  However, Plaintiff attempted to tell them that he was
14 not the person they wanted and was, in fact, at work and then at a different
15 Wells Fargo Bank (several miles away) on the date and time of the incident,
16 but the Defendant POLICE DEPT. and Defendant POLICE OFFICERS
17 intentionally, deliberately, wantonly, recklessly, and/or willfully ignored
18 anything Plaintiff had to say with regard to his alibi information.

19      31.    Plaintiff's right to counsel was infringed upon as well.  The first
20 Public Defender appointed for the Plaintiff was not qualified to represent
21 Plaintiff due to severity of the allegations against him as well as the
22 oppressively high amount of bail requested (in excess of $900,000.00).
23 Accordingly, the attorney did not, and could not (due to his lack of
24 qualification to represent Plaintiff) provide the alibi information to the
25 POLICE DEPT.

26      32.    In the meantime, with the Plaintiff in custody, Defendant
27 POLICE DEPT., the Defendant POLICE OFFICERS, and Defendant
28 SERNA, intentionally, deliberately, wantonly, recklessly, and/or willfully

1  continued to ignore Plaintiff's protestations that he was not the responsible
2  party and was, in fact, in another location entirely at the time of the
3  incident, and intentionally, deliberately, wantonly, recklessly, and/or
4  willfully refused to allow Plaintiff to present evidence of that alibi.

5      33.    Defendant was unable to raise the minimum $90,000 for bail
6  and was held in custody for 14 days.  During that time Plaintiff was held
7  against his will by Defendants, and each of them, in horrible conditions.

8      34.    On August 9, 2016, more than ten (10) days later, at a court
9  hearing, a new, **qualified**, Public Defender was appointed.  It wasn't until
10  the Public Defender was appointed that the Public Defender was able to
11  present the evidence to Deputy District Attorney NORMA SERNA, who
12  then dismissed the charges, stating it was a case of "mistaken identity."

13      35.    Such arrest and prosecution of Plaintiff occurred without legal
14  or probable cause, intentionally, deliberately, wantonly, maliciously and
15  with reckless disregard for Plaintiff's lawful rights.  Such arrest and
16  criminal prosecution of Plaintiff occurred without any verification of facts,
17  confirmation of identity, without legal and/or probable cause, and without
18  review of alibi evidence which would have definitively proved that
19  Plaintiff was incorrectly identified as a suspect.

20      36.    At all times relevant herein, Defendants, and each of them,
21  wantonly, deliberately, maliciously, and recklessly ignored the fact that
22  there was insufficient evidence to either arrest and/or incarcerate Plaintiff
23  for the June 20, 2016 incident.

24      37.    The aforementioned acts of Defendants, and each of them, were
25  committed with malice, oppression and fraud, without regard for the rights
26  to which Plaintiff is entitled under the laws of the United States of America
27  and the State of California.

28

9

38.     As a result of the wanton, deliberate, malicious, oppressive, and reckless acts of the Defendants, and each of them, Plaintiff was wrongfully incarcerated for fourteen days, causing Plaintiff to lose his employment, as well as harm to his self-esteem, psyche, relationships, and social networks, all of which were permanently damaged.  In total, Mr. Grinie, was wrongfully incarcerated for at least 14 days, without justification and/or excuse, as discussed further herein.

## IV.

## FIRST CAUSE OF ACTION

(For False Imprisonment/ False Arrest – Against All Defendants)

39.     Plaintiff hereby refers to Paragraphs 1 through 38, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

40.     Plaintiff was arrested by defendants, and each of them, and/or defendants, and each of them, intentionally and/or with wanton and willful reckless disregard, caused Plaintiff to be wrongfully arrested.

41.     The warrant for arrest was obtained based solely upon physical description and prior convictions of Plaintiff.

42.     Had Defendants POLICE DEPT. and POLICE OFFICERS bothered to question Plaintiff prior to his arrest, or issuance of a warrant, they would have learned that Plaintiff had an alibi, with documentary proof of same.

43.     Defendants, and each of them, further caused Plaintiff harm by failing to question him or investigate facts with regard to Plaintiff's whereabouts or other facts following his arrest.

44.     As a result of Defendants, and each of them, willful, malicious, wanton and reckless acts, and failure to act, Plaintiff was falsely imprisoned.

10

45. The acts of defendant, and each of them, were a substantial factor in causing Plaintiff harm.

46. Plaintiff was arrested with no probable cause, in bad faith, and with unnecessary delay in process and release.

## V.

## SECOND CAUSE OF ACTION

(For Intentional Infliction of Emotional Distress – Against All Defendants)

47. Plaintiff hereby refers to Paragraphs 1 through 46, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

48. The conduct of Defendants, and each of them, was extreme and outrageous, and intended and/or with reckless disregard caused Plaintiff emotional distress.

49. Defendants, and each of them, acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

50. As a result of the egregious conduct of Defendants, and each of them, Plaintiff suffered severe emotional distress, and the conduct of defendants, and each of them, was a substantial factor in causing Plaintiff's severe emotional distress.

## VI.

## THIRD CAUSE OF ACTION

(For Negligence – Against All Defendants)

51. Plaintiff hereby refers to Paragraphs 1 through 50, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

52. Defendants, and each of them, owed Plaintiff a duty of care to prevent harm to Plaintiff.

53.     The conduct of Defendants, and each of them, fell below the standard of care that a reasonable situated person and/or entity would have exercised in the same or similar circumstance, therein breaching such duty of care owed to Plaintiff.

54.     Defendants, and each of them, acted with disregard to Plaintiff's physical and emotional rights, causing severe harm and/or damage, with their acts as a substantial factor to Plaintiff's harm.

## VII.

## FOURTH CAUSE OF ACTION

(For Negligent Infliction of Emotional Distress – Against All Defendants)

55.     Plaintiff hereby refers to Paragraphs 1 through 54, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

56.     Defendants, and each of them, were negligent, as pled hereinabove.

57.     As a direct result of the negligence of defendants, and each of them, Plaintiff suffered severe emotional distress.

58.     The negligence of Defendants, and each of them, was a substantial factor in causing Plaintiff's severe emotional distress, causing suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, more than an ordinary reasonable person would be able to cope with, and with physical manifestations thereon.

## VIII.

## FIFTH CAUSE OF ACTION

(For Defamation – Against All Defendants)

59.     Plaintiff hereby refers to Paragraphs 1 through 58, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

1      60.    As described and discussed hereinabove, Defendants, and each

2   of them, made defamatory statements regarding Plaintiff, including that

3   Plaintiff had committed an armed robbery, a fact which was untrue

4   without any reasonable doubt.  The statements were disseminated

5   throughout the city, state, county, country, world, and made through all

6   forms of media known to currently exist throughout the galaxy.

7      61.    The statements referred to Plaintiff by name, description and/or

8   photographically, and throughout, was made of and concerning Plaintiff,

9   and was so understood by those who read and/or saw the statements.

10     62.    The entire statement of Defendants, and each of them, is false as

11   it pertains to Mr. Torres and Plaintiff.  The statement is libelous on its face.

12   It clearly exposes Plaintiff to hatred, contempt, ridicule, and obloquy, as

13   described hereinabove.  The statement was disseminated and seen

14   widespread.

15     63.    The statement was seen and viewed by the community and

16   entire city of Los Angeles, as well as state, county, country, world, and

17   made through all forms of media known to currently exist throughout the

18   galaxy.

19     64.    As a proximate result of the above-described statement and

20   publication thereof, Plaintiff has suffered a loss of reputation, shame,

21   mortification, and emotional/physical injury.

22     65.    The aforementioned statement and publication thereof was not

23   privileged because it was published by defendants with malice, hatred, ill

24   will, and/or wanton disregard for Plaintiff's rights, with the desire and/or

25   reckless disregard to injure Plaintiff.

26   / / /

27   / / /

28   / / /

## IX.

## SIXTH CAUSE OF ACTION

(For Interference with Rights Secured by the Constitution and/or Laws of the State of California – Against All Defendants)

66.    Plaintiff hereby refers to Paragraphs 1 through 65, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

67.    Defendants, and each of them, intentionally interfered with and/or attempted to interfere with, Plaintiff's constitutional right to freedom from restraint, false imprisonment, allegations of criminal acts he could not possibly have committed, and right to all other protections under the California and United States Constitutions.

68.    Plaintiff was harmed, as described hereinabove, and the conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff harm.

## X.

## SEVENTH CAUSE OF ACTION

(For Multiple Violations of Civil Rights Pursuant to 42 U.S.C. 1983 – Against All Defendants)

69.    Plaintiff hereby refers to Paragraphs 1 through 68, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

70.    Plaintiff is informed and believes and thereon alleged that Defendants, and each of them, intentionally (and with Scienter) maliciously, wantonly, recklessly, and willfully, with conscious disregard for Plaintiff's rights, incarcerated Plaintiff.  Such conduct was known or should have been known to Defendants, and each of them, such that the aforementioned conduct was obvious and therefore intentional.

1  Defendants, and each of them, should have obtained whereabouts
2  information from the Plaintiff prior to arresting him. That Plaintiff was
3  held for over 14 days in incarceration while his life deteriorated, physically,
4  socially, financially and mentally, even though simply questioning Plaintiff
5  would provide the necessary proof that he was not the person they were
6  seeking and was indeed, wrongfully identified as such.

7      71.   Defendants, and each of them, acted and purported to act in the
8  performance of their official duties as employees of the other defendants.

9      72.   The conduct of Defendants, and each of them, violated
10 Plaintiff's civil rights, including, but not limited to, his right to be free from
11 unlawful detainment/incarceration, ridicule, harassment, embarrassment,
12 torture, unfit conditions, cruel and unusual punishment, and other rights
13 protected under the California and United States Constitutions.
14 Specifically, Plaintiff alleges that Defendants, and each of them, have
15 deprived him of his constitutional and federal rights to be free from
16 unreasonable and unlawful incarceration. Defendants, and each of them,
17 have deprived Plaintiff of that right and acted under color of state and/or
18 territorial law. There was no qualified immunity, as Defendants knew
19 and/or should have known that they were intentionally and maliciously
20 ignoring feasible evidence that would have immediately acquitted all
21 criminal claims against Plaintiff.

22     73.   Likewise, Defendants, and each of them, used excessive force in
23 arresting and/or detaining Plaintiff, while Defendants, and each of them,
24 were acting and/or purported to act in performance of their official duties.
25 Such force was not reasonably necessary under the circumstances to
26 effectuate the arrest, and indeed caused Plaintiff severe emotional distress
27 and harm.

28

74.     Additionally, Plaintiff claims and alleges that they were deprived of their civil rights as a result of the official policies of defendants, and each of them, in the City of Alhambra and County of Los Angeles. Defendants, and each of them, intentionally, maliciously, wantonly, willfully, with reckless disregard, and with actual intent and desire to harm Plaintiff, violated Plaintiff's civil rights as pled herein.  Such conduct on behalf of Defendants, and each of them, occurred as a result of the official policy and/or custom and practice of the CITY OF ALHAMBRA and COUNTY OF LOS ANGELES.  Plaintiff alleges and herein pleads that the municipality was the "moving force" behind the injuries alleged.  Plaintiff alleges herein that the municipal action on behalf of Defendants, and each of them, was taken with the requisite degree of culpability demonstrating a direct causal link between the municipal action and the deprivation of federal rights.

75.     Also, Defendants, and each of them, deprived Plaintiff of his civil rights as a result of Defendant CITY, Defendant POLICE DEPT., Defendant COUNTY, and Defendant LACEY, and each of them, failure to train its officers, agents, deputies and employees of how to properly handle usual and recurring situations, as occurred herein, when they failed to question Plaintiff regarding the incident prior to obtaining a warrant for his arrest.  Defendants' training program was not adequate to train its officers to handle this type of recurring and usual situation properly.  Defendants were deliberately indifferent to the need to train their officers, agents, and employees, adequately.  Such failure to provide proper training was the cause of the deprivation of Plaintiff's constitutional rights.

76.     Official policies of Defendants COUNTY and CITY were also violated by Defendants, and each of them, specifically, official policies that were violated were rules and regulations regarding racial profiling and

16

discrimination, all applicable rules and regulations approved by Defendants' legislative bodies', policy statements and/or decisions officially made by the city and county's lawmaking body, custom, permanent, and widespread/well-settled practices of the city and county.

77.    Plaintiff was also denied full and equal accommodations, advantages, facilities, privileges, services, with a motivating reason for defendants' conduct being Plaintiff's race, sex, color, ancestry, national origin, disability, and/or medical condition.  Aside from race, sex, color, religion, ancestry, and national origin, it is clear to all that Plaintiff bears no resemblance to the robbery suspect for whom he was incarcerated for 14 days as.

78.    There were no exigent circumstances, consent to search, and/or search incident to a lawful arrest.  Any and all searches were in direct violation of Plaintiff's aforementioned civil rights.

79.    As a result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was harmed, and defendants' wrongful conduct was a substantial factor in causing Plaintiff harm.

## XI.

## EIGHTH CAUSE OF ACTION

(For Respondeat Superior – Against All Defendants)

80.    Plaintiff hereby refers to Paragraphs 1 through 79, hereinabove, inclusive, and by this reference incorporates the same as though fully set forth herein.

81.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendants, and each of them, were employees and/or agents of each other, and in doing the things herein alleged, were acting within the course and scope of that agency and employment.

Defendants, and each of them, are therefore liable to Plaintiff for the tortious actions and inactions of the other defendants as alleged herein.

82.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant COUNTY, Defendant CITY, and all DOEs, including named DOEs, and other city/county personnel, were agents and employees of their respective employers at the time of their actions.  Plaintiff further alleges that these officials, and each of them, were acting within the course and scope of their agency and employment. Defendants, and each of them, are therefore liable to Plaintiff for the tortious acts and inactions of all other defendants as alleged herein.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, and DOES 1 through 100, as follows:

1.    For general damages, according to proof;

2.    For past loss of earnings and benefits, according to proof;

3.    For future loss of earnings capacity and benefits, according to proof;

4.    For medical expenses and related items of expense, according to proof;

5.    For all costs of suit herein'

6.    For prejudgment and post-judgment interest, according to proof;

7.    For general attorney's fees incurred herein, as well as attorney's fees as allowed by statute, the law, the California Constitution, and the United States Constitution;

8.    For exemplary and/or punitive damages; and

1    9.    For such other and further relief as the court deems just and

2  proper.

3

4  Dated:  April 11, 2019

5                                                    KAYRETHA HALE WILLIS, ESQ.

6                                                    Attorney for Plaintiff,
                                                     JOE GRINIE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        19

## VERIFICATION

I, the undersigned hereby states and declares as follows:

I am the Plaintiff in the within matter. I have read the foregoing **COMPLAINT** and state that each such fact set forth therein is true and correct from my own personal knowledge. I certify under penalty of perjury under the laws of the State of California that each fact set forth therein is true and correct, except that which is alleged pursuant to information and belief, and then I believe it to be true.

Executed this _____ day of March, 2019, at Los Angeles, California.

4/11/2019  _Joe A. Grinie_
Joe A. Grinie

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF FORM INTERROGATORIES**

# EXHIBIT A

CITY OF ALHAMBRA

AMENDED

CLAIM FOR DAMAGE

Read Entire Claim Before Filling In

ALHAMBRA CITY CLERK
CITY HALL
111 S. FIRST STREET
ALHAMBRA, CA 91801

NOTE: See other side for diagram upon which to locate place of accident.

Reserve for City Clerk Filing Site

FILED

2017 JAN 12  AM 10: 55

CITY OF ALHAMBRA
CITY CLERK'S OFFICE

| Joe Grinie | (323) 399-8082 |
|---|---|
| NAME OF CLAIMANT | PHONE NUMBER |

8505 Hickory Street
ADDRESS

Los Angeles, CA 90001
CITY, STATE, ZIP CODE

INSERT ADDRESS WHERE CLAIMANT DESIRES NOTICES
TO BE SENT

Do Kim, Esq, Law Offices of Do Kim, APLC
ADDRESS

3435 Wilshire Blvd., Ste 2700, LA, CA 90010
CITY AND STATE

HOW did damage or injury occur?  Give full particulars. _____
Please see Attachment A.

WHEN did damage or injury occur? Date Approx. July 27, 2016 _____ Time _____ A.M. _____ P.M. _____

WHERE did damage or injury occur?  (Give nearest street address and locate on diagram on reverse of this sheet.)
Joe Grinie was arrested in the City of Los Angeles.  However, the arrest warrant was requested by the Alhambra Police
Department officers.
WHAT particular Act or Omission do you claim caused the injury or damage? _____
Please see Attachment A.

Name of city employee involved in accident: See Attachment A.
WHAT DAMAGE or INJURIES do you claim resulted?  Give full extent of injuries or damage claimed (See reverse side)
False arrest and imprisonment, incarceration, emotional distress, humiliation, fear, anxiety, torment, degradation, loss of
income, damage to reputation, etc.  Claimant reserves his right to other damages.

WHAT SUM do you claim on account of -- INJURIES $ 1.5 million _____ PROPERTY DAMAGE $ 0
OTHER SUMS CLAIMED.
OTHER DETAILS. This matter constitutes an unlimited civil case within the jurisdiction of the Los Angeles Superior Court
and federal court.

(Attach separate sheet, if necessary, to this form so full details can be given; sign each sheet.)
Insurance payments received, if any, and name of Insurance Company. Not applicable.

Expenditures made on account of accident or injury:

| Date | Item | | Amount |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |

Name and Address of Witnesses, Doctors, and Hospitals:
Joe Grinie, Gloria Grinie, Officer J. Romero (104), Officer J. Quinones (196), Officer E. Tamayo (225), Detective Ng,
Dong Zhang, Carlos Rocha, Christina Vang, Simon Tam, other unknown officers of the Alhmabra Police Department.

NOTE: All claimants may be required to be examined as to their claim under oath.  Presentation of a false claim with intent to defraud a felony
(Cal. Pen. Code Sec. 72)

1/12/17
DATE FILED

Do Hyung K
SIGNATURE

## READ CAREFULLY

**PROPERY DAMAGE ESTIMATES** – All claims involving property damage must be accompanied by three (3) bona fide repair estimates before claims will be considered.

For all accident claims place on following diagram names of streets, including North, East, South, and West; indicate place of accident by "X" and by showing house numbers or distances to street corners.

If City Vehicle was involved, designate by letter "A" location of City vehicle when you first saw it, and by "B" location of yourself or your vehicle when you first saw City vehicle; location of City vehicle at time of accident by "A-1" and location of yourself or your vehicle at the time of the accident "B-1" and the point of impact by "X".

Note: If diagrams below do not fit the situation, attach hereto a proper diagram signed by claimant.



FOR AUTOMOBILE ACCIDENTS

FOR OTHER ACCIDENTS

## Joe Grinie City of Alhambra Claim for Damages
### Attachment A

On or about June 20, 2016, Dong Zhang, was the victim of a purse snatching at the Alhambra Wells Fargo bank. Carlos Rocha was also a victim of an attempted robbery at the same Alhambra Wells Fargo bank around the same time. Three suspects were allegely involved in the purse snatching and attempted robbery.

As a result of the investigation of the crime by the Alhambra Police Department, two individuals, Tony Ruacho and Leonardo Alfaro, Jr., were arrested, after they were both video interviewed by the Alhambra Police Department officers.

Apparently Leonardo Alfaro, Jr. stated in the interview by Alhambra Police Department Officer J. Romero (ID No. 104) that there was a third suspect named "Lil Joe." Mr. Alfaro described "Lil Joe" as a Hispanic male, approximately 5'6"-5'7" tall with a stalky build, buzz cut hair style and mustache who was from the El Sereno gang and possibly resides in El Sereno on Phelps Street.

Officer J. Romero concluded that Joe Grinie was a possible match for the third suspect, even though the description did not match, nor did the video footage of the incident match that of Joe Grinie, nor did the crime report. Nevertheless, Alhambra Police Department Officers, including Officer J. Romero and Detective Ng conducted a six pack photographic lineup using Joe Grinie's most recent booking photo. Officer J. Romero stated in the Supplemental Crime Report that Victim Dong Zhang pointed to Joe Grinie's photo and identified him as the person who took her purse but stated she was not 100 percent sure. Witness Simon Tam was also shown the photographic lineup with Joe Grinie's photo and he was unable to positively identify Joe Grinie. Victim Rocha was also shown the photographic lineup with Joe Grinie and he was unable to positively identify Joe Grinie. Detective Quinones contacted Witness Christina Vang and showed her the photographic lineup for Joe Grinie but she could not recognize any of them.

Claimant Joe Grinie is informed and believes and thereon alleges that Officer J. Romero (ID No. 104), along with Det. Ng, Officer Quinones, and/or some other unknown officers of the Alhambra Police Department conspired to requested a warrant for Joe Grinie's arrest, without the probable cause to do so. There was no clear identification of Joe Grinie as the suspect who snatched the purse from Ms. Zhang because Ms. Zhang was not 100% sure and because several other witnesses could not identify Joe Grinie from the photographic lineup. In addition, Officer J. Romero and other unknown officers of the Alhambra Police Department failed the investigate Joe Grinie's whereabouts on June 28, 2016 as Officer Romero had done with the other two suspects. If Officer J. Romero had interviewed Joe Grinie, he would have learned that at the time of the purse snatching and attempted robbery, Joe Grinie was at a Wells Fargo Bank in South Gate opening up a bank account with his mother, Gloria Grinie. Mr. Grinie had worked on ~~July 27~~, June 20 2016 and went to open up a bank account with his mother after he was done with work.

Page 1 of 2

Joe Grinie is informed and believes and thereon alleges that when requesting an arrest warrant for Joe Grinie, Officer J. Romero, Officer J. Quinones (ID No. 196), Officer E. Tamayo ((ID No. 225), Detective Ng, and/or other unknown officers of the Alhambra Police Department conspired and/or made material misrepresentations and/or made false representations to develop the probable caused required for the court to issue the arrest warrant for Joe Grinie. In addition, all of these officers failed to prevent the request for an arrest warrant for Joe Grinie by Officer Romero even though they knew there was no probable cause for the arrest warrant. Joe Grinie is informed and believes and thereon alleges that without such misrepresentations and/or false representations, the Court would not have issued the arrest warrant for Joe Grinie's arrest. It is Joe Grinie's understanding that a judge (unknown at this time) approved his arrest warrant, based on these misrepresentations.

On or about July 27, 2016, Joe Grinie was stopped and arrested for having a warrant for his arrest for the June 20, 2016 purse snatching/attempted robbery incident at the Alhambra Wells Fargo bank. Joe Grinie does not know the identity of the officer who arrested him.

After approximately 14 days in jail for a crime he did not commit, Mr. Grinie was released from jail on or about August 9, 2016.

As a result of the false arrest, false imprisonment, and negligent and wrongful conduct of the Alhambra Police Department officers, Mr. Grinie has suffered significant damages, including but not limited to emotional distress, humiliation, fear, anxiety, torment, degradation, loss of earnings, and damage to reputation. The full extent of Mr. Grinie's damages are uncertain at this time. Therefore, Mr. Grinie reserves the right to seek additional damages should they arise in the future.

Mr. Grinie is informed and believes and thereon alleges that the Alhambra Police Department officers and employees responsible for his damages were negligently trained, retained, and supervised by the Alhambra Police Department and its supervisory officials. Mr. Grinie is further informed and believes and thereon alleges that the City of Alhambra and the Alhambra Police Department have policies and practices that permit innocent persons such as Mr. Grinie to be falsely arrested. The City of Alhambra and its police department have a policy and practice of condoning and ratifying the arrest of innocent people because they fail to have in place an appropriate mechanism, practice, or policy to ensure that innocent people are not falsely arrested and imprisoned for crimes they did not commit.

Mr. Grinie reserves the right to assert any claims against the City of Alhambra and its employees based on this conduct, including claims for false arrest and imprisonment, negligence, negligent and intentional infliction of emotional distress, negligent training, retention, and supervision, and violations of state and federal constitutions and statutes, including but not limited to 42 U.S.C. §§ 1983, 1985, 1986, 1988.

Page 2 of 2

**CIV-050**

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
Kayretha Hale Willis, Esq.  S.B.N 134091
LAW OFFICES OF KAYRETHA HALE WILLIS
611 Wilshire Blvd., Suite 1215
Los Angeles, CA 90017
ATTORNEY FOR *(name):* Joe A. Grinie

TELEPHONE NO.: 213 617-1035

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Joe A. Grinie
DEFENDANT: City of Alhambra; Alhambra Police Department et. al

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER:
19STCV22668

To *(name of one defendant only):* City of Alhambra
Plaintiff *(name of one plaintiff only):* Joe A. Grinie
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. **General damages** | | |
| a. ☑ Pain, suffering, and inconvenience | | $ 1,250,000.00 |
| b. ☑ Emotional distress. | | $ 800,000.00 |
| c. ☐ Loss of consortium | | $ _____ |
| d. ☐ Loss of sociey and companionship *(wrongful death actions only)* | | $ _____ |
| e. ☐ Other *(specify)* | | $ _____ |
| f. ☐ Other *(specify)* | | $ _____ |
| g. ☐ Continued on Attachment 1.g. | | |
| 2. **Special damages** | | |
| a. ☐ Medical expenses *(to date)* | | $ _____ |
| b. ☐ Future medical expenses *(present value)* | | $ _____ |
| c. ☑ Loss of earnings *(to date)* | | $ unknown |
| d. ☐ Loss of future earning capacity *(present value)* | | $ _____ |
| e. ☐ Property damage | | $ _____ |
| f. ☐ Funeral expenses *(wrongful death actions only)* | | $ _____ |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* | | $ _____ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* | | $ _____ |
| i. ☐ Other *(specify)* | | $ _____ |
| j. ☐ Other *(specify)* | | $ _____ |
| k. ☐ Continued on Attachment 2.k. | | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date:  July 16 , 2019

Kayretha Hale Willis

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
*www.courtinfo.ca.gov*

CIV-050

| PLAINTIFF: Joe A. Grinie | CASE NUMBER: |
| DEFENDANT: City of Alhambra; Alhambra Police Department et. al | 19STCV22668 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant   ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► _____
        (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

► _____
        (SIGNATURE)